IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                            Plaintiff,

        v.                                                    OPINION and ORDER

DAVID MAHONEY, KEVIN CARR,                                    20-cv-51-jdp
and STACIE WEISS,

                            Defendants.

---

Pro se plaintiff Brandon D. Bradley, Sr. is incarcerated at Columbia Correctional Institution (CCI).[1] In her amended complaint, she says that defendants prevented her from being present at her resentencing, forcing her to participate by telephone against her will. Dkt. 27. And she says that one of the defendants, Kevin Carr, secretary of the Wisconsin Department of Corrections (DOC), subjected her to inhumane conditions when he held her at CCI during a period in which she should have been held in the Dane County Jail.

Bradley is proceeding in forma pauperis, Dkt. 8, and the court has waived her initial partial payment of her filing fee, Dkt. 11. Because she is proceeding in forma pauperis and because she is a prisoner suing government officials, I must screen her complaint under 28 U.S.C. §§ 1915 and 1915A. Bradley's complaint does not comply with the Federal Rules of Civil Procedure, so I will dismiss her claims and give her a short time to file an amended complaint. I will also address several other motions that she has filed in this case.

---

[1] In her filings in her cases in this court, Bradley refers to herself with both feminine and masculine pronouns. Bradley identifies as a transgender woman, and her status as a transgender woman is the subject of one of her cases. *See Bradley v. Novak*, No. 20-cv-48, Dkt. 22 (W.D. Wis. Feb. 25, 2020). So I will use feminine pronouns when referring to Bradley.

ALLEGATIONS OF FACT

I draw the following facts from Bradley's amended complaint, Dkt. 27.

Bradley says that she was detained at CCI between June 12 and December 12, 2019. I note, however, that the DOC inmate locator website shows that she was detained at Dodge Correctional Institution between June 12 and August 13, after which she was transferred to CCI.[2] She says that she was falsely detained during this time because she was a pretrial detainee and therefore should have been housed in the Dane County Jail, not CCI. (Bradley does not seek to bring claims in this lawsuit regarding this alleged false detention.) She says that the DOC was aware that Bradley should have been in the custody of the sheriff's department, not the DOC. She filed numerous complaints during her incarceration at CCI.

Bradley says that while she was held in DOC custody during an unspecified period, which I take to be the same June 12 to December 12 period described above, her "J.O.C.'s" were amended against her will, her "B.O.C.M. decisions" were withheld, and her "Time Comp" was held against her will. *Id.* at 3. Bradley does not explain what any of these things are or give any details about these allegations, but I understand her to refer to judgments of conviction, decisions by the DOC's Bureau of Classification and Movement, and computation of the length of her detention. She also says that defendant Kevin Carr, DOC secretary, subjected her to "supermax isolation" and "cruel and unusual living conditions" while she was in DOC custody, *id.* at 4–5, although she gives no details about those conditions and does not describe why Carr was responsible for subjecting her to them.

---

[2] *See* https://appsdoc.wi.gov/lop.

On December 12, 2019, while she was housed in CCI, Bradley was resentenced in a telephone conference. She objected to being resentenced over the phone, and the process occurred against her will. Defendant Stacie Weiss was in direct contact with the sentencing judge and "conspired" with Carr and defendant David Mahoney, the Dane County sheriff, to have Bradley resentenced by phone. Dkt. 27, at 3–4. Bradley does not provide any details about this alleged conspiracy.

ANALYSIS

**A.  Screening**

In screening Bradley's complaint, I must dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Bradley is proceeding pro se, so I must hold her complaint to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I must accept the allegations in her complaint as true for the purposes of screening, view them in the light most favorable to Bradley, and draw all reasonable inferences in her favor. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). But I may also take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), such as other court records, *Gen. Elec. Captail Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

Bradley, like all litigants, must comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a plaintiff to include in her complaint "a short and plain statement of the claim showing that [she] is entitled to relief," and Rule 8(d) provides that "each allegation must be

3

simple, concise, and direct." Bradley's complaint is not clear enough to allow me to determine whether any of her allegations state a claim for relief, so I will dismiss her complaint and give her a short time to file a new, clearer complaint.

Bradley contends that defendants violated her constitutional rights by forcing her to participate in her resentencing hearing by telephone. The Fourteenth Amendment to the United States Constitution guarantees a criminal defendant "the right to be present at any stage of the criminal proceeding that is critical to its outcome if [her] presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). But Bradley is prohibited from bringing a lawsuit for money damages based on her allegedly unconstitutional resentencing unless she shows that her sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Bradley does not allege that her sentence has been invalidated in any of these ways, so her allegations regarding this hearing do not state a claim upon which relief can be granted.

Bradley also says that Carr violated her rights by holding her at CCI in "supermax isolation" with "cruel and unusual living conditions" even though he knew that she should not have been in DOC custody at the time. These allegations describe two potential claims—a claim that Bradley was held in DOC custody instead of at the Dane County jail without due process, and a claim that she was held in unconstitutional conditions of confinement at CCI.

Considering the due process claim, I take judicial notice from the state's inmate locator website that Bradley was released from DOC custody on extended supervision on April 23, 2019, and that she was returned to DOC custody from extended supervision on June 12 after

4

DOC received notice that Bradley was being held in the Dane County jail.[3]  Under Wisconsin law, prisoners released to extended supervision remain in DOC's legal custody, and DOC may take physical custody of a prisoner if it alleges that the prisoner has violated her conditions of extended supervision. Wis. Stat. § 302.113(8m). These facts strongly suggest that Bradley was arrested after her release, held in the Dane County jail as a pretrial detainee, and returned to DOC custody for violating her parole conditions. If so, DOC had the right to take her back into custody from the Dane County jail. Bradley has not plausibly alleged that her due process rights were violated by being held in DOC custody rather than in the Dane County jail.

Turning to the conditions of confinement claim, to bring a claim for damages against Carr, Bradley must plausibly allege that Carr was personally responsible for depriving her of her constitutional rights by either "essentially directing or consenting to the challenged conduct." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614–15 (7th Cir. 2002). It seems very unlikely that Carr, the DOC secretary, was personally involved in violating Bradley's rights. If Bradley believes that individual DOC employees' actions violated her rights, she should name those employees as defendants in an amended complaint. But in any event, Bradley does not describe the conditions in which she was held with any detail in her complaint. Her vague allegations are not clear enough to allow me to determine whether she states a claim against Carr, so I will deny her leave to proceed on an Eighth Amendment claim against him regarding the conditions of her confinement in DOC custody.

Bradley also seeks leave to bring state-law negligence claims against defendants. Nothing in her complaint suggests that I have diversity jurisdiction over these claims. And

---

[3] *See* https://appsdoc.wi.gov/lop.

5

because I am denying her leave to proceed on all of her federal claims, I lack supplemental jurisdiction over her state-law claims. 28 U.S.C. § 1367(a). So I cannot give her leave to proceed on any negligence claims.

It is clear that Bradley's allegations regarding her resentencing do not state a claim. The remainder of Bradley's complaint is too vague and conclusory for me to give her leave to proceed on any other claims at this time. Accordingly, I will dismiss her complaint but I will give her a short time to file an amended complaint. Bradley should write her amended complaint as if she were telling a story to people who do not know anything about the events at issue. If Bradley believes that the conduct of any individual DOC employees violated her rights and if she wishes to sue those employees, she should explicitly name them as defendants. If she fails to respond to this order by the deadline set below, I will dismiss these cases for her failure to state a claim upon which relief may be granted, and I will assess her a "strike" under 28 U.S.C. § 1915(g) if one is warranted.

## B.  Motion for joinder

Bradley asks to join this case with three other cases that are pending in this district, Case Nos. 20-cv-48, 20-cv-49, and 20-cv-50. Dkt. 19. Under Federal Rule of Civil Procedure 20, a plaintiff may name multiple defendants in a lawsuit only if the plaintiff asserts claims against all of them that (1) arise out of the same transaction or occurrence or series of transactions or occurrences; and (2) include a question of law or fact that will apply to all of the defendants. But the conduct of which Bradley complains in this case is unrelated to the claims underlying her other cases. The '49 and '50 cases concern periods in which Bradley was incarcerated in the Dane County jail, not CCI. And although the '48 case concerns Bradley's incarceration at CCI, Bradley's allegations in that case involve CCI's refusal to classify her as

transgender, allegations that are unrelated to her allegations in this case. Accordingly, I will deny her motion.

## C.  Motion for assistance in recruiting counsel

Bradley asks me to appoint counsel to represent her. Dkt. 5. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). A party requesting such assistance must show three things: (1) she cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) she has made reasonable efforts on her own to find a lawyer to represent her, *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds her ability to prosecute it, *Pruitt*, 503 F.3d at 655.

Bradley has satisfied the first requirement, as the court has granted her leave to proceed in forma pauperis. But she does not show that she has made any effort to recruit counsel on her own, such as by providing letters from attorneys who have declined to represent her. And in any event, it is too early to determine whether this case will be too complex for Bradley to handle without counsel. This court generally defers decisions regarding recruitment of counsel at least until the deadline has passed for defendants to file a motion for summary judgment on the ground that the plaintiff failed to exhaust her administrative remedies. Because defendants have the burden to show that Bradley did not properly complete the exhaustion process and because issues about exhaustion are usually simpler than a case's merits, counsel is usually unnecessary at that stage. Bradley's filings to date show that she should be able to handle any issues related to exhaustion, so I decline to recruit counsel for her at this time.

**D. Motion for preliminary injunction and temporary restraining order**

Bradley asks me to issue a preliminary injunction and temporary restraining order preventing the Dane County Sheriff's Department and others from retaliating against her. Dkt. 7. As an initial matter, the sheriff's department is not a party in this case. But even if it were, I could not grant the motion. Both types of relief provide a party with temporary relief during a pending lawsuit. *See* Fed. R. Civ. P. 65. Such relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). Bradley has not shown such need, as she does not say that defendants are currently violating her rights and all of the conduct of which she complains occurred in the past. Accordingly, I will deny her motion.

**E. Motion to proceed**

Bradley has filed a document titled "Motion to Proceed," in which she says that she wishes to pay her filing fee and have her complaint screened. Dkt. 20. I understand this to be Bradley's response to a letter from the clerk of court's office asking her to clarify whether she wished to dismiss this case, Dkt. 16. The clerk's office asked for clarification because Bradley had asked to dismiss this case when she was unaware that her request for leave to proceed without paying her initial partial payment of the filing fee had been approved. Bradley did not need to file a formal motion to have me screen her complaint, but in any event, because I have now done so, I will deny her motion as moot.

**F. Motion for update**

Bradley has filed a motion in this case and three others for an update on her request for a preliminary injunction in the '48 case. Dkt. 29. I will deny this motion because it is entirely

unrelated to this case. But I will address it in the '48 case, in which she has also filed an identical motion. In the future, Bradley should file motions only in cases to which they are related.

ORDER

IT IS ORDERED that:

1.  Plaintiff Brandon D. Bradley, Sr.'s amended complaint, Dkt. 27, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Bradley may have until June 5, 2020 to submit an amended complaint.

2.  Bradley's motion for joinder, Dkt. 19, is DENIED.

3.  Bradley's motion for assistance in recruiting counsel, Dkt. 5, is DENIED.

4.  Bradley's motion for a preliminary injunction and temporary restraining order, Dkt. 7, is DENIED.

5.  Bradley's motion to proceed, Dkt. 20, is DENIED.

6.  Bradley's motion for an update on Case No. 20-cv-48, Dkt. 29, is DENIED.

Entered May 15, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge