IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

v.

KEVIN CARR, SUSAN NOVAK, BRIAN GUTSKE,
M. GLASS, UNIT MANAGER WALKER, STACIE
WEISS, LUCAS WEBER, L. FIAT, DR. STANGE,
DR. GAMBARO, and DR. PERSIKE,

                Defendants.

ORDER

20-cv-51-jdp

---

Pro se plaintiff Brandon D. Bradley, Sr. is incarcerated at Columbia Correctional Institution. She filed this lawsuit based on her allegations that she was prevented from appearing personally at her resentencing and that she was subjected to inhumane prison conditions. After I screened her complaint under 28 U.S.C. §§ 1915 and 1915A, I dismissed her claims because they did not comply with the Federal Rules of Civil Procedure and gave her a short time to file an amended complaint. Dkt. 30. I told her that if she did not do so, I would dismiss this case for her failure to state a claim upon which relief may be granted. *Id.* at 6.

Bradley filed an amended complaint within the deadline. Dkt. 31. But she then filed a document titled "Objection," in which she writes that she "objects to amended complaint *Bradley v. Carr*. That issue will be addressed in another 1983. Plaintiff request[s] an order to amend complaint to make Melanie Quick the proper defendant. Plaintiff request[s] your honor's orders to avoid incurring a strike." Dkt. 32. I take Bradley to mean that she is withdrawing her amended complaint, which includes allegations against Kevin Carr and other defendants that she intends to address in another lawsuit, and that she wishes to file a new complaint with new allegations against Melanie Quick, who was not named in any of her

previous complaints in this lawsuit. She does not describe what allegations she would raise against Quick in her new complaint.

I will deny Bradley's motion. Bradley asks to amend her complaint by replacing it with an entirely new set of allegations and a new defendant. This isn't really a request to amend her complaint; it's a request to start a new lawsuit. Federal Rule of Civil Procedure 15(a)(2) says that courts should give parties leave to amend their pleadings "when justice so requires." But as the court of appeals has explained, courts should not allow plaintiffs to abuse the Federal Rules of Civil Procedure to combine unrelated claims against different defendants into the same lawsuit to avoid incurring strikes or to avoid paying multiple filing fees. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *George* involved a plaintiff who was abusing the rules of joinder, not amendment, but the same principles apply to Bradley's motion. If Bradley wishes to bring new claims based on new allegations against new defendants, she must file a new lawsuit to do so.

Bradley has withdrawn the timely amended complaint that she filed, so as I said in my prior order, I will dismiss this lawsuit for failure to state a claim on which relief may be granted. Because I am dismissing Bradley's lawsuit for failure to state a claim, I must also assess a strike against Bradley under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley, Sr.'s motion to amend her complaint, Dkt. 31, is DENIED as moot.

2. Bradley's motion to file an amended complaint, Dkt. 32, is DENIED.

3. This lawsuit is dismissed for Bradley's failure to state a claim upon which relief may be granted. The clerk of court is directed to close this case and assess Bradley a strike under 28 U.S.C. § 1915(g).

Entered September 24, 2020.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge